12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Harold STEPHENS, Defendant-Appellant.
 No. 93-30094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 22, 1993.
 
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Stephens appeals his sentence under the Sentencing Guidelines after his guilty plea conviction of conspiracy to defraud the U.S. Department of Agriculture (USDA) in violation of 18 U.S.C. Sec. 371. Stephens argues that the district court erred by applying U.S.S.G. Sec. 2F1.1 (Fraud and Deceit) instead of U.S.S.G. Sec. 2C1.7 (Conspiracy to Defraud by Interference with Governmental Functions) to calculate his sentence.[1] We affirm.
 
 
 3
 Stephens prepared false USDA records for D & T Kennels, of which he was the manager. As manager of D & T Kennels, he also was responsible for contacting various research facilities, obtaining the rights to supply them with animals, and soliciting animal suppliers.
 
 
 4
 Stephens was sentenced to 10 months imprisonment, 2 months home detention and 3 years supervised release. The court found that U.S.S.G. Sec. 2F1.1 (fraud and deceit), applicable via Sec. 2X1.1(a) (offense level for conspiracy, where not specifically provided for, should be gleaned from the guideline for the underlying substantive offense), rather than U.S.S.G. Sec. 2C1.7 (the public corruption guideline), was the appropriate offense guideline section to use in calculating his sentence. We agree.
 
 
 5
 Section 2C1.7 by its own terms applies only to a "conspiracy to defraud the United States by interfering with governmental functions" which is committed by "public officials or others acting with them." U.S.S.G. Sec. 2C1.7, comment. (n. 1). The section of the guidelines of which Sec. 2C1.7 forms a part is labelled "Offenses Involving Public Officials" and the Introductory Commentary to that entire section states the Commission's intent that the guidelines therein "adequately reflect the seriousness of public corruption offenses." Stephens did not prepare false USDA reports in the capacity of a public official nor was he assisted by a public official in preparing them nor was he in a conspiracy with a public official. Section 2C1.7 simply does not apply to him.[2]
 
 
 6
 What Stephens did do was engage in a fraud against a United States agency, 18 U.S.C. Sec. 371, a fraud that he perpetrated in part by making false entries in forms he filed with the USDA. See 15 U.S.C. Sec. 50. For crimes of that nature U.S.S.G. Sec. 2F1.1 is the appropriate guideline. Of course, we recognize that Sec. 2F1.1 itself points out that there are times when some other guideline will be more appropriate. See United States v. Mendoza-Fernandez, 4 F.3d 815 (9th Cir.1993). That does not help Stephens' argument because, as already noted, Sec. 2C1.7 is not a more appropriate guideline for this offense. Nor has the panel's attention been invited to another guideline that might be more on point. In fact, the Guidelines themselves suggest that for violations of 15 U.S.C. Sec. 50, the false entry section charged in the indictment, the appropriate guideline is Sec. 2F1.1. See U.S.S.G. App. A. Therefore the district court properly applied Sec. 2F1.1 (general guideline for fraud and deceit) to Stephens.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references to the Sentencing Guidelines are to the 1992 version of the Guidelines
 
 
 [2]
 We do not quite fathom his desire to have it applied. It appears to us that his offense level would be 12 under Sec. 2C1.7 rather than the 10 it was under Sec. 2F1.1